UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| STEPHEN J. BOLIN,<br>    Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE (ODNI),<br>    Defendant. | CASE NO.: |
|---|---|

## COMPLAINT

COMES NOW, the Plaintiff, STEPHEN J. BOLIN, *pro se*, and for his Complaint against the Defendant, the Office of the Director of National Intelligence (ODNI), alleges as follows:

### INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and its implementing regulations, to compel the Office of the Director of National Intelligence (ODNI) to process and release records requested by Plaintiff, Stephen J. Bolin. The FOIA mandates that agencies provide public access to government records unless specifically exempt under 5 U.S.C. § 552(b), and requires that agencies reasonably describe records in their possession for disclosure. While the MDR process is governed by Executive Order 13526 (§ 3.5), FOIA provides the public with the statutory right to judicial review when an agency fails to comply with its disclosure obligations. Under the FOIA, federal courts are authorized to compel the production of agency records improperly withheld, including records sought through MDR when the agency's refusal to process or declassify requested records constitutes a denial under FOIA (5 U.S.C. § 552(a)(4)(B)).

2. Plaintiff submitted a Mandatory Declassification Review (MDR) request to ODNI (Exhibit A), seeking records relating to specific terms and timeframes as permitted under Executive Order 13526 and the FOIA. The ODNI has refused to process the request, claiming it does not meet the reasonable description standard (Exhibit B).

3. Plaintiff appealed the decision on December 2, 2024 (Exhibit C). The plaintiff was informed that "Being informed that your MDR request does not meet the reasonable description standard is not appealable." on December 3, 2024 (Exhibit D).

4. Plaintiff contends that the MDR request was sufficiently specific and that ODNI's failure to process the request violates FOIA and the applicable implementing regulations.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), as Plaintiff resides in Nevada.

7. Because this lawsuit arises in Washoe County, it should be assigned to the Northern District.

## PARTIES

8. Plaintiff, Stephen J. Bolin, is a resident of Nevada and a requester of records under FOIA.

9. Defendant, the Office of the Director of National Intelligence (ODNI), is a federal agency within the meaning of 5 U.S.C. § 552(f) and is responsible for processing FOIA and MDR

requests.

## FACTUAL ALLEGATIONS

10. On November 25, 2024, Plaintiff submitted a written MDR request to ODNI, seeking records related to the term "Immaculate Constellation," including emails and text messages sent to or from the Director of National Intelligence during a specified time period.

11. Plaintiff's request provided a specific phrase, a date range, and specified custodians of the requested records, making it sufficiently detailed under FOIA and applicable regulations.

12. On November 26, 2024, ODNI responded, claiming that the request did not meet the "reasonable description" standard and refused to process it.

13. Plaintiff appealed the adverse decision, but ODNI maintained that the request was non-appealable.

14. ODNI's refusal to process the request constitutes a violation of FOIA, as the request was clear, specific, and reasonably described the records sought.

## CAUSE OF ACTION

## VIOLATION OF FOIA (5 U.S.C. § 552)

15. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1–13.

16. Defendant has violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by refusing to process Plaintiff's Mandatory Declassification Review (MDR) request. FOIA requires federal agencies to disclose records to the public upon request, provided that the

request reasonably describes the records sought (5 U.S.C. § 552(a)(3)(A)). Plaintiff's request, which included specific terms, custodians, and a date range, meets this standard. Under FOIA, the reasonable description requirement does not require perfection but must enable agency personnel using reasonable effort to identify and locate responsive records (Marks v. U.S. Department of Justice, 578 F.2d 261, 263 (9th Cir. 1978)). In *Truitt v. Department of State*, 897 F.2d 540 (D.C. Cir. 1990), The court emphasized that a FOIA request must be specific enough to permit an agency to locate the records with a reasonable amount of effort.

17. Executive Order 13526, which governs the Mandatory Declassification Review (MDR) process, provides that individuals may request declassification of specific records or information classified under its provisions (§ 3.5(a)). Agencies are obligated to conduct a prompt and thorough review of such requests to determine if the information may be declassified. FOIA and MDR are interconnected because both serve the shared goal of enhancing public access to government information. While MDR requests are administratively governed by Executive Order 13526, FOIA provides a statutory mechanism for judicial review when an agency fails to fulfill its obligations to disclose requested records (5 U.S.C. § 552(a)(4)(B)).

18. The FOIA requires every federal agency, upon request, to make "promptly available to any person" any "records" so long as the request "reasonably describes such records." 5 U.S.C. § 552(a)(3). The Act "reflects a general philosophy of full agency disclosure," Dep't of Defense v. FLRA, 510 U.S. 487, 494, 114 S.Ct. 1006, 1011-12, 127 L.Ed.2d 325 (1994).

19. By refusing to process Plaintiff's MDR request, Defendant has failed to meet its obligations under both FOIA and Executive Order 13526. Judicial intervention is therefore necessary to enforce these obligations and uphold the public's right to access government information..

20. In refusing to process Plaintiff's MDR request, Defendant has also failed to conduct a reasonable search for responsive records as required under FOIA. Courts have held that an agency's search for records must be "reasonably calculated to uncover all relevant documents" (*Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). Defendant's outright refusal to process the request prevents any such reasonable effort to locate responsive documents, which constitutes a violation of FOIA.

21. In *Mead Data Cent., v. U.S. Dept. of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977) the court decided that in a FOIA action the district court is not limited to review of the quality of agency decision-making. It decides a claim of exemption *de novo*, and the agency's opinions carry no more weight than those of any other litigant in an adversarial contest before a court.

22. Additionally, FOIA mandates that agencies disclose any reasonably segregable portions of responsive records that are not exempt from disclosure (5 U.S.C. § 552(b)). The burden is on the agency to demonstrate that all portions of a record are exempt and that no segregable information can be released (*Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)). Defendant's failure to address or release segregable portions of any potentially responsive records exacerbates its noncompliance with FOIA.

23. By refusing to process Plaintiff's request, failing to conduct a reasonable search, and neglecting to release segregable portions of non-exempt information, Defendant has deprived Plaintiff of his statutory rights under FOIA. These actions are contrary to the law and undermine the public's ability to hold the government accountable, as FOIA and MDR are intended to achieve.

24. Defendant's actions have deprived Plaintiff of his statutory right to access government records.

## RELIEF REQUESTED

25. WHEREFORE, Plaintiff respectfully requests that this Court:

    1. Declare that ODNI's refusal to process Plaintiff's MDR request violates FOIA;

    2. Order ODNI to immediately process Plaintiff's MDR request and provide all non-exempt responsive records;

    3. Enjoin ODNI from refusing to process similar FOIA or MDR requests that meet the reasonable description standard;

    4. Grant such other and further relief as the Court deems just and proper.

The plaintiff DOES NOT demand a trial by jury.

DATED: December 3, 2024

Respectfully submitted,
/s/ Stephen J. Bolin
Stephen J. Bolin
101 Bartlett Street
Reno, NV 89512

stephen@thestephenbolin.com
*pro se plaintiff*