UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN J. BOLIN, | Case No.: 3:24-cv-00553-ART -CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-1 |
| OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, | |
| Defendant | |

    Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

    A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

    The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

    "[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

Plaintiff has filed a complaint under the Freedom of Information Act (FOIA) against the Office of the Director of National Intelligence. Plaintiff alleges that he sent a FOIA request to the agency for certain records, and the agency refused to process the request.

FOIA, 5 U.S.C. § 552, provides that upon receiving a request for records, an agency must determine within 20 days whether to comply with the request "and shall immediately notify the person making such request of-- (I) such determination and the reasons therefor; (II) the right of such person to seek assistance from the FOIA Public Liaison of the agency; and (III) in the case of an adverse determination" of the right to appeal to the head of the agency and seek dispute resolution services. 5 U.S.C. § 552(6)(A)(i). If the agency fails to comply, "a FOIA requester can proceed directly to district court where the agency must show 'exceptional circumstances' justifying its untimeliness and due diligence in remedying the violation." *Hajro v. U.S. Citizenship and Immigration Services,* 811 F.3d 1086, 1092 (9th Cir. 2016) (citing 5 U.S.C. § 552(6)(C)).

Liberally construing the pro se pleading, the court finds Plaintiff states a colorable claim for relief under FOIA.

## CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint shall **PROCEED** against the Office of the Director of National Intelligence.

(4) The Clerk of Court shall **ISSUE** a summons for the Defendant and:

    (a) **SEND** a copy of the summons and the complaint to the United States Attorney for the District of Nevada, 401 Las Vegas Blvd. South, Suite 1100, Las Vegas, NV 89101.

    (b) **SEND** a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's Office at 401 Las Vegas Blvd. South, Suite 1100, Las Vegas, NV 89101.

    (c) **SEND** a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue NW, Washington D.C. 20530; and

    (d) **SEND** a copy of the summons and complaint to the Office of the Director of National Intelligence, Washington D.C. 20511.

(5) Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. If Plaintiff electronically files a document with the court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. If Plaintiff mails the document to the court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any

document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

**IT IS SO ORDERED**.

Dated: December 17, 2024

_____
Craig S. Denney
United States Magistrate Judge